# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

EDDIE SHORTY                                                    PLAINTIFF

v.                                                         No. 4:07CV135-M-A

JIMMY MELTON, ET AL.                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Eddie Shorty, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On December 12, 2006, defendant corrections officer Jimmy Melton stripped the plaintiff's cell of all property because the plaintiff allegedly assisted another inmate in the attack on a guard by throwing scalding liquid on that guard. The plaintiff's property was removed from his cell prior to a disciplinary hearing on the matter – and for some time after. He spent a total of eighteen days without a mattress. During the time the plaintiff's property was removed, he slept on a concrete bunk, causing soreness in his back. The majority of the plaintiff's belongings were returned to him after eighteen days; however, the plaintiff did not receive his full inventory of state-issued property for approximately two months.

*Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974), *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the plaintiff was found guilty of the rule violation (assisting another inmate in the attack on a corrections officer) and did not receive all of the state-issued property back for approximately two months. His property was removed from his cell for eighteen days, then returned to him. Several items of property were not returned for twenty-one days, and he did not

receive all items issued to inmates by the state for nearly two months. These allegations do not

state a constitutional claim. The punishment administered fell "within the expected parameters

of the sentence imposed by a court of law," *Sandin*, 115 S. Ct. at 2301, and "did not present the

type of atypical, significant deprivation in which a State might conceivably create a liberty

interest." *Id.* In addition, the property the plaintiff alleges was kept from him was state issue; as

such, the plaintiff never owned the property and would have no standing to mount a due process

challenge to deprivation of the property. For these reasons, the plaintiff's claims do not rise to

the level of a constitutional violation, and they shall be dismissed for failure to state a claim upon

which relief could be granted.

**General Conditions of Confinement**

The plaintiff alleges that the eighteen days he spent without a mattress constitutes cruel

and unusual punishment because sleeping on the concrete bunk made him sore. "[T]he Eighth

Amendment may afford protection against conditions of confinement which constitute health

threats but not against those which cause mere discomfort or inconvenience." *Wilson v.*

*Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted).

"Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5

(citation omitted). It is clear that prison officials have certain duties under the Eighth

Amendment, but these duties are only to provide prisoners with "humane conditions of

confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v.*

*Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832

(1994)). Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910

F.2d 1248 (5th Cir. 1990), the court finds that the instant claims do not rise to the level of a

constitutional violation.  The plaintiff has not identified any "basic human need" which he was

denied for an unreasonable period of time.  *See Woods*, 51 F.3d at 581.  As such, the plaintiff's

claim of unconstitutionally harsh general conditions of confinement shall be dismissed for failure

to state a constitutional claim.

### Pending Motions

The plaintiff has numerous motions pending in the present case:   two motions [27, 33]

for the Mississippi Department of Corrections to furnish him with the address of a defendant,

two motions [28, 34] to amend his complaint to include claims arising after the commencement

of this suit, and two motions [30, 35] for partial summary judgment.  These motions are not well

taken and shall be denied.  In light of this ruling, any other motions currently pending in this case

shall be dismissed as moot.

In sum all of the plaintiff's claims shall be dismissed for failure to state a claim upon

which relief could be granted.  A final judgment consistent with this memorandum opinion shall

issue today.

**SO ORDERED,** this the 11th day of August, 2008.


**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**